LEVI M. HULTSLANDER, RESPONDENT, *v.* JOHN A. THOMPSON AND ANOTHER, EXECUTORS, ETC., OF LEVI HULTSLANDER, DECEASED, APPELLANTS.

*Statute of limitations — claims against estate of deceased, referred under the statute — when barred — Code, §§ 95, 102.*

APPEAL from a judgment entered on the report of a referee, agreed upon under the statute.

The defendants are executors of the will of Levi Hultslander, deceased.   The plaintiff presented to said executors a claim against the estate, which was disputed.   By consent the claim was referred. The consent was dated July 30, 1872; the referee was agreed upon August 6, 1872, and the consent and agreement filed, and the order of reference entered, January 30, 1874.

The claim against the estate consisted of a number of items, but the referee only allowed the following of the dates as specified: 1863, November, one pair of shoes and two bushels of timothy seed, $14.05; 1864, January nineteen, one buffalo robe, five dollars, and forty weeks board at three dollars per week; 1867, November

fifteen, one pig, three dollars, making a total of $142.05; for which sum, with interest, the referee reported in favor of the claimant. The referee further reported that all claims of a date prior to November 24, 1863, were rejected, as barred by the statute of limitations.

This appeal was taken on the ground that the claims allowed were also barred. The court *held,* that. in a proceeding of this kind the reference stands in the place of an action, and the entry of the order to refer must be deemed to be the commencement of the action, for the purpose of determining whether the action has been brought within the time limited by statute. (*Bucklin* v. *Chapin,* 1 Lans., 443, 449; *Reynolds* v. *Collins,* 3 Hill, 37; *Comstock* v. *Olmstead,* 6 How. Pr., 77.) That all the causes of action allowed by the referee, but one for three dollars, accrued previous to January 20, 1864. The defendant died February 12, 1869, eleven months and eight days before the six years limitation expired. That if eighteen months should be added to the six years, the limitation would expire July 20, 1871; so that in whatever way the statutory extension of time might be computed and applied, it would not save this case from the statute of limitations. That the claims were not saved from the application of the statute of limitations by the provisions of section 102 of the Code, the action not having been commenced within the time limited, nor within one year next after letters testamentary were filed. That the item of three dollars allowed by the referee as accruing November 15, 1867, was not barred, and was therefore properly allowed. That this item was for a single article, separated by a period of nearly four years from any other item, and those other charges were not of the character of accounts contemplated by section 95 of the Code.

*Benjamin Low,* for appellants. *Groo & Wiggins,* for respondent.

Opinion by JAMES, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment modified by reducing the amount of damages to $4.65, with costs of the action and of the appeal to the defendants.